SUMMONS ISSUED

FILED
CLERK

2012 SEP 13 PM 1:26

U.S. DISTRICT COURT
EASTERN DISTRICT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

EYIMOFE EMMANUEL,

                           Plaintiff,

          -against-

CITY OF NEW YORK; POLICE OFFICER CHARLES INGRACIA (Shueld No. 11159), POLICE OFFICER JAVIER APONTE (Shield No. 11268), and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------- x

COMPLAINT

CV 12-4583

Jury Trial Demanded

BLOCK, J.

AZRACK, M.J.

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Eyimofe Emmanuel ("plaintiff" or "Ms. Emmanuel") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendant Javier Aponte was a police officer, acting as an agent, servant and employee of defendant City of New York and the NYPD. Javier Aponte is sued in his individual and official capacities.

9. At all times relevant defendant Charles Ingracia was a police officer, acting as an agent, servant and employee of defendant City of New York and the NYPD. Charles Ingracia is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. Ms. Emmanuel is twenty-one year old Touro College student residing at 654 Ashford Street, Apt. 1, Brooklyn, NY 11207.

14. On or about June 6, 2012 plaintiff took her dog for a walk and returned to her apartment.

15. Soon thereafter, Defendants Aponte and Ingracia illegally entered plaintiff's residence without consent, warrant or exigent circumstances by barging through plaintiff's closed apartment door.

16. Defendants then illegally searched plaintiff's apartment without her consent.

17. As a result of this illegal search, defendants claimed to have found a partially smoked marijuana cigarette.

18. Defendants then placed plaintiff under arrest, handcuffed her from behind excessively tightly and shoved her into a police van.

19. Despite being asked their names and shield numbers several times, defendants refused to disclose their identities.

20. Defendants then drove the police van around the neighborhood for close to six hours as the officers arrested other individuals.

21. While in the police van, plaintiff pleaded to be permitted to use the bathroom, but her requests were repeatedly denied.

22. In fact, defendants laughed at plaintiff who was crying and shaking from fear.

23. Plaintiff was eventually taken to the police precinct.

24. At the precinct the defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of marijuana.

25. At no point did defendants observe plaintiff possess marijuana.

26. Defendants fabricated these statements and prepared these documents in an effort to cover-up their unlawful search and arrest of plaintiff.

27. After approximately twelve hours in custody, plaintiff was released. Plaintiff was forced to appear in King County Criminal Court on numerous occasions. Ultimately the case was adjourned in contemplation of dismissal.

28.     Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

29.     Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

30.     Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

31.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

32.     Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

33.     Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

34.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Unreasonable Force

38. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

39. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Ms. Livingston.

40. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   September 12, 2012
         New York, New York

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880

*Attorney for plaintiff*